Presented to the Court by the foreman of the
Grand Jury in open Court, in the presence
of the Grand Jury and FILED in the U.S.
DISTRICT COURT at Seattle, Washington

March 17, 2021

WILLIAM M. McCOOL, Clerk

By _____ Deputy

# UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff <br><br> v. <br><br> TABATHA DEAN VESSEY, <br><br> Defendant. | NO. **CR21-5116 BHS** <br><br> INDICTMENT |

The Grand Jury charges that:

## COUNTS 1-2

### (Wire Fraud)

**A.    Introduction**

     1.    As discussed herein, TABATHA DEAN VESSEY defrauded the United States by concealing and failing to disclose the fact that A.P. was deceased and therefore ineligible for benefits administered by the Social Security Administration (SSA), and instead stole for her own use more than $38,000 in Social Security retirement benefits paid to A.P. after her death. By this fraud, TABATHA DEAN VESSEY collected more than $38,000 in federally funded benefits to which she was not entitled. At all times

INDICTMENT/VESSEY - 1

relevant to this Indictment, TABATHA DEAN VESSEY lived in Hoquiam, Grays
Harbor County, Washington.

**B.    The Scheme and Artifice to Defraud**

2.      Beginning in or about April 2013, and continuing until at least May 2016,
in Grays Harbor County, within the Western District of Washington and elsewhere,
TABATHA DEAN VESSEY did knowingly devise and intend to devise a scheme and
artifice to defraud the United States and to obtain money from the United States by
means of material false and fraudulent pretenses, representations, and promises, and
omission of material facts.

3.      The essence of the scheme to defraud was that TABATHA DEAN
VESSEY concealed from, and omitted to disclose to, SSA the fact that A.P., a
beneficiary of Social Security retirement benefits at the time of her death, was deceased
and therefore no longer entitled to the SSA benefits.  Instead, TABATHA DEAN
VESSEY accessed and used bank accounts in the name of A.P. to transfer and spend the
Social Security benefits that were mistakenly paid to A.P. after her death.  As a result of
the fraud, TABATHA DEAN VESSEY collected Social Security benefit payments to
which she was not entitled.

**C.    Manner and Means of the Scheme and Artifice to Defraud**

The manner and means used to accomplish the scheme to defraud included the
following:

4.      It was a part of the scheme and artifice to defraud that, at all times relevant
to the indictment, TABATHA DEAN VESSEY was the longtime partner of, and lived
with, J.P.  J.P. is the son of A.P. who is now deceased.  Before she died, A.P. was a
recipient of Social Security retirement benefits.  Those benefits were paid by direct
deposit into a Timberland Bank savings account held jointly by A.P. and her son, J.P.

5.      It was a further part of the scheme and artifice to defraud that A.P. died on
March 22, 2013.  At that time, A.P.'s entitlement to Social Security benefits ceased and

INDICTMENT/VESSEY - 2

1  the benefit payments should have stopped.  However, SSA continued to pay the monthly

2  benefits by direct deposit into A.P.'s Timberland Bank account.

3        6.    It was a further part of the scheme and artifice to defraud that, following

4  A.P.'s death, TABATHA DEAN VESSEY caused the deposited Social Security benefits

5  to be transferred from A.P.'s savings account to a linked Timberland Bank checking

6  account, also held in the name of A.P. and J.P.

7        7.    It was a further part of the scheme and artifice to defraud that TABATHA

8  DEAN VESSEY then caused at least 150 Automated Clearing House ("ACH") Direct

9  Payment transactions to issue from A.P.'s Timberland Bank checking account to various

10  companies and entities, including, among others, Verizon Wireless, Reliable Credit,

11  Comcast Cable, First Savings, Legacy Visa (First National), Capital One, First Premier

12  Bank (FPB) Credit Card, and Chase Cards.  These payments were used to pay phone and

13  cable bills, credit card bills, auto loans, and other obligations belonging to TABATHA

14  DEAN VESSEY.

15        8.    It was a further part of the scheme and artifice to defraud that TABATHA

16  DEAN VESSEY knew that the Social Security benefits had been paid in error and that

17  the money was the property of the United States.  However, TABATHA DEAN

18  VESSEY knowingly converted the payments to her own use or the use of another.

19        9.    It was a further part of the scheme and artifice to defraud that TABATHA

20  DEAN VESSEY used a Bank of America credit card account held in A.P.'s name to

21  make purchases after her death totaling $16,800.

22  **D.    Execution of the Scheme and Artifice to Defraud**

23        10.    On or about the dates set forth below, within the Western District of

24  Washington, and elsewhere, TABATHA DEAN VESSEY, having devised the scheme

25  and artifice to defraud described in Paragraphs 1 through 9, for the purpose of executing

26  this scheme and artifice, did knowingly transmit and cause to be transmitted the below-

27

28

INDICTMENT/VESSEY - 3

listed interstate wire communications, with each transmission constituting a separate count of this Indictment:

| Count | Date | Amount | Wire |
|-------|------|--------|------|
| 1 | 04/07/2016 | $453.25 | ACH payment causing an interstate wire transmission from Timberland Bank in Washington to Reliable Credit Inc.in Oregon, to a US Bank account in Minnesota. |
| 2 | 04/07/2016 | $116.00 | ACH payment causing an interstate wire transmission from Timberland Bank in Washington to Capital One Bank in Virginia |

All in violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT 3

### (Theft of Public Funds)

11.     The factual allegations contained in paragraphs 1 through 9 are realleged and incorporated by reference as though fully set forth herein.

12.     On or about the date set forth below, in Grays Harbor County, within the Western District of Washington, and elsewhere, TABATHA DEAN VESSEY willfully and knowingly embezzled, stole and converted to her own use and the use of another, money of the United States.  Specifically, TABATHA DEAN VESSEY converted to her own use or the use of another benefits intended for A.P. and paid to A.P. after she was deceased and no payment was owing, including the following specific payment, which constitutes a separate count of this Indictment:

| Count | Date | Amount | Agency |
|-------|------|--------|--------|
| 3 | 03/23/2016 | $1098.00 | Social Security Administration |

All in violation of Title 18, United States Code, Sections 641 and 2.

INDICTMENT/VESSEY - 4

## ASSET FORFEITURE ALLEGATION

The allegations contained in Counts 1 – 3 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture. Upon conviction of any of the offenses alleged in Counts 1 – 3, the Defendant TABATHA DEAN VESSEY, shall forfeit to the United States any and all property constituting or traceable to proceeds of the offense. All such property is forfeitable pursuant to Title 18, United States Code, Section 981(a)(1)(C), by way of Title 28, United States Code, Section 2461(c), and includes but is not limited to a sum of money reflecting the proceeds the Defendant obtained from the offense.

**Substitute Assets.** If any of the above-described forfeitable property, as a result of any act or omission of the Defendant,

    1.    cannot be located upon the exercise of due diligence;

    2.    has been transferred or sold to, or deposited with a third party;

    3.    has been placed beyond the jurisdiction of the Court;

    4.    has been substantially diminished in value; or,

///
///
///

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

5.      has been commingled with other property which cannot be divided without

difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section

853(p), to seek the forfeiture of any other property of the Defendant up to the value of the

above-described forfeitable property.

DATED:

A TRUE BILL: 3/17/2021

*Signature of Foreperson redacted pursuant to the policy of the Judicial Conference of the United States*

_____

FOREPERSON

_____

TESSA M. GORMAN
Acting United States Attorney

_____

KATE VAUGHAN
Assistant United States Attorney

_____

BENJAMIN T. DIGGS
Assistant United States Attorney

INDICTMENT/VESSEY - 6